UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIANA RUBIO,

                       Plaintiff,             01-CV-1806 (TCP)

   -against-                         **MEMORANDUM** and
                                                  **ORDER**

COUNTY OF SUFFOLK and FRANK WRIGHT,
in his official and personal capacities,

                       Defendants.
------------------------------------------------------------X

PLATT, District Judge.

        Plaintiffs Juliana Rubio ("Rubio") and Dianna Yu ("Yu") move pursuant to Fed. R. Civ. P. 56(c) for summary judgment[1] against defendant Frank Wright ("Wright") on plaintiffs' claims under 42 U.S.C. § 1983, as well as on plaintiffs' State law tort claims for false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress. For the following reasons, the Court enters summary judgment on liability for each plaintiff on their 42 U.S.C. § 1983 claims. The Court also enters summary judgment for the plaintiffs on their

---

[1] Dianna Yu's name does not appear in the caption of the Amended Complaint filed in the above-entitled action, but counsel's moving papers have been submitted on behalf of "[p]laintiffs Juliana Rubio and Dianna Yu." (Ptfs' Mem. at 1). Dianna Yu filed a separate Complaint on January 23, 2002, against defendants County of Suffolk and Frank Wright in an action docketed separately with this Court, docket number 02-CV-0517, also assigned to the undersigned. Also pending before this Court are several related cases, filed against defendants County of Suffolk and Frank Wright. These cases are Deon v. County of Suffolk, et al., 01-CV-1812; Torres v. County of Suffolk et al., 01-CV-1813; Kowal v. County of Suffolk, et al., 01-CV-1807; and Pannone v. County of Suffolk, et al., 01-CV-1814. Plaintiffs Deon and Torres join in the motion for summary judgment filed by Rubio and Yu. (Ptfs' Mem. at 1). Therefore, in so far as this Order resolves the claims asserted by Rubio in 01-CV-1806 against defendant Wright, it also resolves the claims brought by Yu, Deon and Torres against the same defendant, in actions 02-CV-0517, 01-CV-1812, and 01-CV-1813 respectively.

claims for false arrest, false imprisonment, assault and battery. The Court dismisses plaintiffs' claims for intentional infliction of emotional distress.[2]

## STATEMENT OF FACTS

Plaintiff Rubio alleges that on December 27, 2000, defendant Wright, while on duty as Suffolk County Police Officer, stopped plaintiff for allegedly failing to use her car's headlights. (Compl. at ¶¶ 6-7)[3]. Wright administered several sobriety tests on plaintiff, the last of which plaintiff purportedly failed. (Compl. at ¶ 9). Plaintiff asserts that "abusing his authority as a police officer...Wright...then placed plaintiff in handcuffs and forced her into his car...then drove plaintiff...[to] a vacant parking lot" where he asked plaintiff to disrobe "or go to the station and get arrested." (Compl. at ¶ 10). Wright "had plaintiff disrobe and remove all of her clothing and then stand outside without her clothes in the below freezing temperatures for approximately 15 minutes while he shined his flashlight on her naked body." (Compl. at ¶ 11). Wright made comments to plaintiff, then "had Plaintiff put her clothes back on, drove her back to her car, ordered her to remain silent and not disclose or speak about his actions, threatened her that she was to remain at that location, and that if she did not follow his instructions that (sic) he would seek her out and have her arrested." (Compl. at ¶ 12).

Plaintiff asserts that as a result of Officer Wright's actions, plaintiff suffered and continues to suffer *inter alia* "severe emotional distress, mental anguish, fear, anxiety, shock, and humiliation, and was compelled to seek medical and psychological aid, treatment and

---

[2]Plaintiffs also moved for summary judgment against defendant the County of Suffolk. A decision on that motion will be issued separately by the Court.

[3]Plaintiffs first filed a Complaint in this action on March 23, 2001. Plaintiffs subsequently filed an Amended Complaint on September 3, 2004. Unless otherwise indicated, all references to Compl. or "Complaint" are to the Amended Complaint.

attention, permanent damage to reputation and standing in the community, loss of comfort, support, extreme mental and emotional harm and stress, impairment of earning power, and other injuries not yet fully ascertained." (Compl. at ¶ 15).

Plaintiffs Yu, Deon and Torres brought similar allegations against defendant Wright. Wright was indicted and arraigned before this Court on March 27, 2002. Wright pled guilty to four instances of acting in an unconstitutional manner toward plaintiffs Deon, Yu, Rubio and Torres and was sentenced to five years in prison for the violations (among other punishments).

## DISCUSSION

### I. The 42 U.S.C. § 1983 claim

Plaintiffs move for summary judgment on their 42 U.S.C. § 1983 claims on the ground that Wright's guilty plea collaterally estops him from litigating that claim. Having reviewed the record in this case, the Court grants summary judgment on liability for all plaintiffs based on collateral estoppel principles.

Under the collateral estoppel doctrine, "a judgment in a prior proceeding bars a party and its privies from relitigating an issue if, but only if: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." N.L.R.B. v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir. 1999). "[A] criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel ... in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." United States v. Podell, 572 F.2d 31, 35 (2d

Cir. 1978). "[A] guilty plea is an admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466 (1969).

To establish liability under 42 U.S.C. § 1983, "a party must prove that he or she was deprived of a right secured by the Constitution or by the laws of the United States and that the person or persons depriving the party of the right acted under color of state law." Ruggiero v. Krzeminski, 928 F.2d 558, 562-63 (2d Cir. 1991). However, to obtain compensatory damages under § 1983, (which apparently the plaintiffs here seek) a party "must prove more than a mere violation of his constitutional rights. He must also demonstrate that the constitutional deprivation caused him some actual injury." McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir. 1983). "Absent a showing of causation and actual injury, a plaintiff is entitled only to nominal damages." Miner v. City of Glens Falls, 999 F.2d 655, 660 (2d Cir. 1993). The plaintiff bears the burden of proof on all the elements of the § 1983 claim. Ruggiero at 562; Miner at 660 (observing that "[i]n this Circuit, the burden is normally on the plaintiff to prove each element of a § 1983 claim, including those elements relating to damages.").

In the prior related criminal proceeding before this Court, defendant Wright pled guilty to four counts of the Indictment that charged him with the following with respect to each plaintiff:

> *Count One*: "On or about January 1, 2001, within the Eastern District of New York, the defendant FRANK WRIGHT, while acting under color of laws of the State of New York, did knowingly and willfully deprive Jane Doe Number 1 [Angelina Torres] ... of a right secured and protected by the Constitution and laws of the United States, to wit: the right to be free from unreasonable search and seizure by one acting under color of law, by arresting [Angelina Torres] and, without lawful justification, compelling her to disrobe, resulting in bodily injury to her." (Title 18, United States Code, Sections 242 and 3551 et seq.)

4

> *Count Two*: "On or about December 27, 2000, within the Eastern District of New York, the defendant FRANK WRIGHT, while acting under color of the laws of the State of New York, did knowingly and willfully deprive [Julianna Rubio] ... of a right secured and protected by the Constitution and laws of the United States, to wit: the right to be free from unreasonable search and seizure by one acting under color of law, by arresting [Julianna Rubio] and, without lawful justification, compelling her to disrobe, resulting in bodily injury to her." (Title 18, United States Code, Sections 242 and 3551 et seq.)
>
> *Count Three*: "On or about October 29, 2000, within the Eastern District of New York, the defendant FRANK WRIGHT, while acting under color of the laws of the State of New York, did knowingly and willfully deprive [Diana Yu] ... of a right secured and protected by the Constitution and laws of the United States, to wit: the right to be free from unreasonable search and seizure by one acting under color of law, by detaining [Diana Yu] and, without lawful justification, exposing her genital area to his view and subjecting her to involuntary sexual contact." (Title 18, United States Code, Sections 242 and 3551 et seq.)
>
> *Count Four*: "On or about September 2, 2000, within the Eastern District of New York, the defendant FRANK WRIGHT, while acting under color of the laws of the State of New York, did knowingly and willfully deprive [Tracey Deon] ... of a right secured and protected by the Constitution and laws of the United States, to wit: the right to be free from unreasonable search and seizure by one acting under color of law, by arresting [Tracey Deon] and, without lawful justification, compelling her to disrobe." (Title 18, United States Code, Sections 242 and 3551 et seq.)

(Indictment filed March 27, 2002 ("Indictment") at 2-4; Transcript of Plea, dated April 8, 2003 ("Plea Transcript")).

By pleading guilty to these four counts, defendant Wright admitted all the elements of the crimes charged. McCarthy at 466. Therefore, with respect to each plaintiff, defendant Wright's guilty plea precludes Wright from opposing the merits of plaintiffs' § 1983 claims, which require a showing that the party was deprived of a constitutional right and that the person depriving the party of that right acted under color of State law. Podell at 35; Ruggiero at

5

562-63. Accordingly, the Court grants summary judgment on liability for plaintiffs Rubio, Yu, Deon and Torres on their § 1983 claims.

Additionally, at this stage the Court finds that plaintiffs Torres and Rubio may recover compensatory damages[4] for their injuries (in addition to nominal damages), because by virtue of his guilty plea defendant Wright is estopped from challenging causation and injury, the damages elements of plaintiffs'§1983 claim. (See Plea Transcript; Indictment). However, plaintiffs Yu and Deon retain the burden to show at trial that they are entitled to compensatory damages on their § 1983 claims, because causation and injury were not elements alleged in the counts charged with respect to these two plaintiffs, counts to which Wright pled guilty. (See Plea Transcript (indicating comment by defense counsel that "[t]here is no bodily injury in counts three and four alleged..."); see also Indictment). Accordingly, the Court grants summary judgment as to liability only for each plaintiff (Rubio, Yu, Deon and Torres) on their respective § 1983 claims.

## II. The State law tort claims

Turning to the State law tort claims for false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress, plaintiffs similarly seek summary judgment on collateral estoppel principles, by asserting that defendant Wright's guilty plea satisfied the elements of each State law claim charged. We shall address these claims below.

---

[4] Unless stipulated by the parties, the amount of damages will be determined at the trial of this case.

## A. False arrest and false imprisonment

In New York, the tort of false arrest is essentially the same as the tort of false imprisonment. Smith v. County of Nassau, 34 N.Y.2d 18, 22-23, 311 N.E.2d 489, 492 (N.Y. 1974) (stating that "it is clear that plaintiff made out a prima facie case for false arrest and false imprisonment by showing that defendant's police officer intentionally arrested and confined him against his consent, and without the lawful privilege of a warrant"); Prentice v. State of New York, 791 N.Y.S.2d 873, 2004 WL 1631758, at *8 (N.Y. Ct. Cl. 2004) (observing that "[a] cause of action for false arrest has been described as essentially the same tort as false imprisonment...with the imprisonment beginning at the time of the arrest.") (citations omitted). To establish false arrest, "the plaintiff must show: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Gebbie v. Gertz Division of Allied Stores of New York, Inc., 94 A.D.2d 165, 169 (N.Y. App. Div. 1983).

Defendant Wright's guilty plea satisfied the elements of the false arrest and false imprisonment claims. Wright pled guilty to each count in the Indictment charging him with "knowingly and willfully depriving [Torres, Rubio, Yu, and Deon]...of the right to be free from unreasonable search and seizure...by arresting [them] and, without lawful justification, compelling [Torres, Rubio and Deon] to disrobe," and "without lawful justification, exposing [Yu's] genital area to his view and subjecting her to involuntary sexual contact." (See Indictment at 2-4; Plea Transcript). Moreover, in his opposition to the plaintiffs' motion for summary judgment, defendant Wright does not dispute that collateral estoppel precludes Wright from litigating the State law claims for false arrest and false imprisonment. (See Def's Opp. at

4). Accordingly, the Court grants summary judgment for the plaintiffs on their false arrest and false imprisonment claims.

### B. Assault and battery

The Court finds that collateral estoppel also bars defendant Wright from litigating plaintiffs' State law claims for assault and battery. "A civil assault 'is an intentional placing of another person in fear of imminent harmful or offensive contact'; civil battery 'is an intentional wrongful physical contact with another person without consent.'" Charkhy v. Altman, 252 A.D.2d 413, 414 (1st Dep't 1998), quoting United Natl.' Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993). Under New York law, an unlawful arrest generally will constitute assault and battery. See Johnson v. Suffolk County Police Dept., 245 A.D.2d 340, 665 N.Y.S.2d 440, 440-41 (2d Dep't 1997) (holding that "[a]s the arrest of the plaintiff by the defendant police officer...was unlawful, [the police officer] committed a battery when he touched the plaintiff during that arrest"), citing Budgar v. State of New York, 98 Misc.2d 588, 592, 414 N.Y.S.2d 463) (concluding that "since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State police car"); see also Sulkowska v. City of New York, 129 F.Supp.2d 274, 294 (S.D.N.Y. 2001) (same principle).

Here, defendant Wright pled guilty to violating plaintiffs Torres, Rubio, Deon and Yu's respective rights to be free from unreasonable searches and seizures by arresting and without lawful justification compelling three of the plaintiffs to disrobe and subjecting the fourth to involuntary sexual contact. Additionally, as with plaintiffs' claims for false arrest and false imprisonment, defendant Wright does not dispute the applicability of the collateral estoppel doctrine to these claims. (See Def's Opp. at 4). Consequently, the Court grants summary

8

judgment for the plaintiffs on their assault and battery claims.

### C. *Intentional infliction of emotional distress*

Plaintiffs also seek summary judgment on their claims for intentional infliction of emotional distress. As defendant correctly argues, this claim is duplicative of plaintiffs' State tort claims for false arrest, false imprisonment, assault and battery, and is hereby dismissed. See, e.g., Fischer v. Maloney, 43 N.Y.2d 553, 557-58 (N.Y. 1978) (stating that "it may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability...."); accord, Leonard v. Reinhardt, 20 A.D.3d 510, 799 N.Y.S.2d 1118 (2d Dep't 2005) (stating that "the cause of action alleging intentional infliction of emotional distress should have been dismissed as duplicative of the causes of action alleging malicious prosecution and assault and battery."); Herlihy v. The Metropolitan Museum of Art, 214 A.D.2d 250, 263, 633 N.Y.S.2d 106 (1st Dep't 1995) (noting that "[i]n any event, the plaintiff's cause of action for intentional infliction of emotional distress must also fail because it falls within the ambit of other traditional tort liability..."); Sweeney v. Prisoners' Legal Services of New York Inc., 146 A.D.2d 1, 7, 538 N.Y.S.2d 370 (3rd Dep't 1989) (same concept); Di Orio v. Utica City School District Bd. of Educ., 305 A.D.2d 1114, 1115, 758 N.Y.S.2d 743 (4th Dep't 2003) (same concept).

Accordingly, plaintiffs' tort claims for intentional infliction of emotional distress are hereby dismissed.

## CONCLUSION

In sum, the Court grants summary judgment on liability for plaintiffs Rubio, Yu, Deon and Torres on their 42 U.S.C. §1983 claims, and on their State law claims for false arrest, false imprisonment, assault and battery. Damages with respect to these claims will be determined at a later juncture. The Court denies plaintiffs' summary judgment motion on their claims for intentional infliction of emotional distress and dismisses said claims as duplicative of other State law tort claims brought by the plaintiffs.

SO ORDERED.

/s/
Thomas C. Platt, U.S.D.J.

Dated:  Central Islip, New York
        October 9, 2007